## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS (WORCESTER)

| | |
|---|---|
| In re:<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Debtors | Chapter 13<br>Case No. 16-12339-FJB |
| EUGENE PELIKHOV,<br><br>    Plaintiff,<br><br>v.<br><br>LEV GOLDFARB and<br>LYDMILA ROGALIN,<br><br>    Defendants. | **Adversary Proceeding<br>No.** |

## COMPLAINT AGAINST DEBTORS AND
## TO OBJECT TO DISCHARGEABILITY OF DEBT

1.　The Defendants, a husband and wife, along with their son lured the Plaintiff into investing into 25% of their business and subsequently froze him out of their business, breached their contractual and fiduciary obligations to him and otherwise denied him the rights and benefits to which he is entitled.

### PARTIES

2.　The Plaintiff Eugene Pelikhov is an individual who resides at 14 Orleans Avenue, Salem, MA 01970 ("Pelikhov").

3.　The Defendant, Debtor Lev Goldfarb, is an individual who, upon information and belief, resides at 6 Loring Hills Ave #C6, Salem, Massachusetts 01970.

1

4. The Defendant, Debtor Lydmila Rogalin, is an individual who, upon information and belief, resides at 6 Loring Hills Ave #C6, Salem, Massachusetts 01970.

## JURISDICTION

5. This action is a core proceeding pursuant to 28 U.S.C. § 157.

6. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334.

## FACTS

7. The Defendants filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on June 17, 2016 (the "Petition Date").

8. As used herein, "GFI" refers to Gold and Farb, Inc., a Massachusetts corporation with its principle office at 145 Broad Street in Lynn, Massachusetts.

9. As referenced herein, Alexander Goldfarb is an individual who, upon information and belief, resides at 154 Lynnway #515, Lynn, Massachusetts. Alex Goldfarb, Lev Goldfarb and Lydmila Rogalin and referred herein collectively as the "Goldfarbs."

<u>Formation of the Business Relation Between Parties</u>

10. Immediately prior to January 2008, GFI was owned and operated by the Goldfarbs. Lev Goldfarb was the President, a director and a 50% owner of GFI. Alexander Goldfarb was the Treasurer, a director and a 25% owner of GFI. Lydmila Rogalin was the Secretary, a director and a 25% owner of GFI.

11. On information and belief, Lydmila Rogalin is the wife of Lev Goldfarb, and Alexander Goldfarb is their son.

12. On or about January 18, 2008, prior to the Petition Date, GFI, Lydmila Rogalin and Pelikhov entered into that certain Purchase and Sale Agreement attached hereto as Exhibit 1 (the "P&S").

13. Pursuant to the P&S, Lydmila Rogalin sold to Pelikhov 25% of the shares in GFI for $175,000. See P&S, Section 4; Assignment of Stock Certificate, attached hereto as Exhibit 2; and Share Certificate, attached hereto as Exhibit 3.

14. In conjunction with the P&S, Lydmila Rogalin resigned as Secretary of GFI and was replaced by Alexander Goldfarb. See Certificate of Vote, attached hereto as Exhibit 4.

15. In conjunction with the P&S, Lydmila Rogalin resigned as a director of GFI and was replaced by Pelikhov. See Minutes of the Special Meeting of Directors of Gold and Farb, Inc., attached hereto as Exhibit 5.

16. In conjunction with the P&S, GFI, Lev Goldfarb, Alexander Goldfarb and Pelikhov executed a Stockholders' Agreement, attached hereto as Exhibit 6 (together with the P&S, the "Contracts").

17. The Contracts included terms, among other, that:

   a. Pelikhov is entitled to full-time employment with GFI. P&S, Section 6(a) and Stockholders' Agreement, Section 5.9.

   b. Pelikhov is entitled to a seat on the Board of Directors of GFI. P&S, Section 6(b) and Stockholders' Agreement, Section 3.1.

   c. Pelikhov is entitled to approximately 25% of all profits of GFI. Stockholders' Agreement, Section 3.3.

18. Up until approximately the Fall of 2014, in addition to being a director of GFI, Pelikhov was the Secretary of GFI.

19. As a shareholder, officer and director of GFI, Pelikhov was entitled to full access to the corporate and accounting records of GFI.

20. On March 11, 2015, the Defendants filed an annual report for GFI with the Secretary of the Commonwealth of Massachusetts, removing Pelikhov as a Director of GFI and replacing Pelikhov with Alex Goldfarb as Secretary of GFI.

21. In or about August of 2015, the Defendants filed a Change of Supplemental Information for GFI with the Secretary of the Commonwealth of Massachusetts, whereby Lydmila Rogalin was listed as taking Alex Goldfarb's positions as Secretary and Director of GFI.

Defendants' Bad Acts

22. Despite the Defendants' contractual duties to Pelikhov pursuant to the Contracts and the Defendants' duties to Pelikhov as shareholders, officers and directors of GFI, the Defendants froze Pelikhov out of GFI, created a hostile workplace, engaged in embezzlement and conducted extensive fraudulent accounting practices in an attempt to withhold profits from Pelikhov.

23. For years, the Defendants have consistently denied Pelikhov access to the corporate and accounting records of GFI.

24. For years, while Pelikhov was a director of GFI, the Defendants consistently failed to consult with Pelikhov as a member of the Board of Directors of GFI in making decisions requiring a vote of the Board of Directors of GFI.

25. While Pelikhov was employed by GFI, the Defendants created a hostile work environment for Pelikhov by verbally abusing and berating Pelikhov on an ongoing basis.

26. The unacceptable situation with Pelikhov's employment became so serious that Pelikhov was unable to continue working for GFI, constructively terminating his employment, and in fact the Defendants' abuse caused Pelikhov emotion distress, mental anguish and other personal injury.

27. The Defendants' abuse of Pelikhov constituted constructive termination of Pelikhov's employment with GFI in violation of the Contracts since he was unable to continue working in such terrible conditions.

28. Upon information and belief, the Defendants have also failed to properly account for and report cash sales of GFI, and have misappropriated profits of the company without properly accounting for them to Pelikhov and the proper tax authorities.

29. As a result of these accounting practices and misappropriation, Pelikhov has not received his proper share of the profits of GFI to which he is entitled.

30. Upon information and belief, the Defendants have misappropriated at least $125,000 of GFI's profits from Pelikhov.

31. By underreporting cash sales, the Defendants have opened GFI to potential liability to tax authorities.

32. Pelikhov did not become aware of the above referenced acts of the Defendants until approximately the summer of 2014.

33. On or about July 17, 2014, Pelikhov, by and through counsel, made demand upon the Defendants pursuant to Massachusetts General Laws, Chapter 156D, Section 16.02 for, *inter alia*, access to GFI's corporate records. Attached hereto is as <u>Exhibit 7</u> is a copy of that correspondence, without its exhibits.

34. In their first response to Pelikhov's notice, on July 22, 2014, counsel for the Defendants served upon Pelikhov's counsel a Notice of the Special Meeting of the Stockholders of GFI and a Notice of the Special Meeting of the Board of Directors of GFI, seeking a re-election of the board of directors and to authorize filing for bankruptcy under Chapter 11. That correspondence is attached hereto as Exhibit 8.

35. These actions were an obvious attempt by the Defendants to further freeze Pelikhov out of the company and to cause him further damage.

36. Counsel for the Defendants followed up those notices with correspondence dated July 23, 2014, refusing to give Pelikhov access to the records, alleging that Pelikhov's request "has not been made in good faith." A copy of that correspondence is attached hereto as Exhibit 9.

37. On July 28, 2014, counsel for Pelikhov responded to the allegations and to the threats to further freeze out Pelikhov and to bankrupt the company, a copy of which is attached hereto as Exhibit 10. In that correspondence, counsel for Pelikhov reiterated the request for the corporate records of GFI.

38. The Defendants failed to comply with their obligations pursuant to Massachusetts General Laws, Chapter 156D, Sections 16.01-16.20, by, *inter alia*, refusing and failing to give Pelikhov access to GFI's corporate records.

39. To the contrary, in another correspondence dated July 31, 2014, counsel for Defendants had the audacity to write that they would attempt to hold Pelikhov responsible for the misdeeds of the Defendants. Specifically, the Defendants threatened that Pelikhov would be responsible because the Defendants "unreported, misreported or underreported the sales, meals or payroll taxes," attempting to shift responsibility for the fraudulent activities of the Defendants

6

onto the aggrieved party, Pelikhov. That correspondence from counsel for the Defendants is attached hereto as <u>Exhibit 11</u>.

40.     These baseless and audacious threats by the Defendants were continued attempts to harass Pelikhov and beat him into submission.

41.     The Defendants further breached their obligations, including pursuant to Section 3.1 of the Stockholders Agreement, by attempting to remove him from the Board of Directors of GFI by fraudulently filing with the Secretary of the Commonwealth of Massachusetts an annual report containing false information that indicated that Pelikhov was removed as a Director of the company and as its secretary. In fact, the Stockholders Agreement between the parties explicitly indicates that Pelikhov must stay a Director of GFI as long as he held at least 10% of the stock of the company. This is just one of many intentional examples of the Defendants disregarding corporate formalities and their obligations, justifying piercing of the corporate veil.

<u>Prior Attempts for Legal Redress</u>

42.     Pelikhov was forced to initiate litigation in Massachusetts Superior Court on or about November 18, 2015 (prior to the Petition Date) to obtain access to the corporate records, and even thereafter Defendants delayed and stonewalled Pelikhov's access at every turn, forcing Pelikhov to serve discovery requests (to which Defendants never responded) and making numerous other filings.

43.     On or about May 26, 2016, the Massachusetts Superior Court ordered that the dispute between the parties be submitted to arbitration, with the exception of Pelikhov's statutory claim against GFI under Chapter 156D, for which the court granted Pelikhov leave to file and which it stated it would dispose of on an expedited basis.

7

44. On or about June 9, 2016, Pelikhov served Defendants, Alexander Pelikhov and GFI with an Application for Inspection of Corporate Records and for Award of Attorneys Fees Pursuant to G.L. c. 156D, § 16.04/16.05.

45. On June 17, 2016, Debtors filed their voluntary petition for bankruptcy pursuant to Chapter 13.

46. GFI and Alexander Goldfarb <u>have not</u> filed for bankruptcy in this or any other pending proceeding.

47. On their application for bankruptcy, Defendants listed that they are "dba Gold & Farb, Inc." apparently in an attempt to try to limit Pelikhov's claims against GFI, despite GFI being a separate corporate entity which did not file bankruptcy and in an attempt to limit Pelikhov's right to request records from GFI pursuant to M.G.L. c. 156D, records which Pelikhov believes prove Defendants' fraudulent acts.

<u>Additional Allegations</u>

48. The Defendants share pervasive control over GFI.

49. Through their pervasive control over GFI, the Defendants have fraudulently and injuriously frozen out Pelikhov, engaged in fraudulent accounting practices, constructively terminated Pelikhov and withheld Pelikhov's proper share of his profits from GFI in addition to other fraudulent and injurious practices.

50. The Defendants, as directors and officers of GFI, a closely held corporation, owe a fiduciary duty to GFI and their fellow shareholder Pelikhov.

51. The Defendants have breached their fiduciary duties by engaging in the acts described herein.

52. Pelikhov and Lydmila Rogalin are parties to the P&S and Pelikhov and Lev Goldfarb are parties to the Stockholders' Agreement.

53. Pelikhov have complied with the agreements, but the Defendants have breached the agreements by engaging in the acts and omissions described herein.

54. Defendants represented that Pelikhov would receive his fair share of GFI's profits, that Pelikhov would have a fair employment with GFI, that Pelikhov would share control of GFI with the Goldfarbs, and that GFI properly paid and would pay all of its taxes.

55. Defendants' representations were false and when made were known to be false by the Defendants or made recklessly without knowledge of the truth.

56. Defendants made the false representations with the intent that Pelikhov would rely on them.

57. Pelikhov justifiably relied on the false representations, including by purchasing shares of GFI.

58. Defendants have dishonestly withheld funds and other property from Pelikhov, the true owner of the funds and other property.

59. Defendants have acted with the intent to deprive Pelikhov of his right to possess the funds and other property.

60. By engaging in the acts and omissions described herein, Defendants converted Pelikhov's property, including funds and other property, to their own use, intentionally and without consent.

61. By their false pretenses, false representations, actual fraud, fraud as fiduciaries and embezzlement as described herein, Defendants have caused direct damages and harm to Pelikhov for which Defendants are liable and for which their debt should not be discharged.

## COUNT I

### Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(2)(A)

62. Pelikhov repeats, re-alleges and incorporates each and every allegation in the preceding paragraphs as if set forth herein.

63. The Defendants' debt to Pelikhov is a debt for money, property, or an extension renewal or refinancing of credit.

64. The Defendants' debt to Pelikhov was obtained by false pretenses, a false representation, or actual fraud.

## COUNT II

### Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(2)(B)

65. Pelikhov repeats, re-alleges and incorporates each and every allegation in the preceding paragraphs as if set forth herein.

66. The Defendants' debt to Pelikhov is a debt for money, property, or an extension renewal or refinancing of credit.

67. The Defendants' debt to Pelikhov was obtained by use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which Pelikhov to whom the Defendants are liable for such money, property, service, or credit reasonably relied; and that the Defendants caused to be made or published with intent to deceive.

## COUNT III

### Non-Dischargeability Pursuant to 11 U.S.C. § 523(a)(4)

68. Pelikhov repeats, re-alleges and incorporates each and every allegation in the preceding paragraphs as if set forth herein.

69. The Defendants' debt to Pelikhov is for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

WHEREFORE, Pelikhov respectfully requests that this Court enter judgment:

A. Denying the dischargeability of the Defendants' debt to Pelikhov Pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4);

B. Award Pelikhov damages of at least $175,000 for the amount he paid to purchase shares of GFI based on the fraudulent misrepresentation of the Defendants and at least $125,000 representing the minimum reasonable calculation of the profits that Defendants have improperly and fraudulently withheld and misappropriated from Pelikhov;

C. Award further damages and losses to be determined, including, without limitation, actual damages, consequential damages, punitive damages, attorneys' fees, multiple damages, interest and costs as provided by law, and including, without limitation, the full amounts misappropriated and/or withheld from Pelikhov;

D. Award such other and further relief as is just and equitable.

Respectfully submitted,

Eugene Pelikhov
By his Attorneys,

/s/ Matthew Shayefar, Esq.
Matthew Shayefar (BBO# 685927)
Tel: (617) 928-1806
matt@bostonlawgroup.com
Valentin D. Gurvits (BBO# 643572)
Tel: (617) 928-1804
vgurvits@bostonlawgroup.com

                              BOSTON LAW GROUP, PC
                              825 Beacon Street, Suite 20
                              Newton Centre, MA 02459
                              Fax: (617) 928-1802

                              Gary W. Cruickshank (BBO# 107600)
                              21 Custom House Street
                              Suite 920
                              Boston, Massachusetts 02110
                              Tel: (617) 330-1960
                              gwc@cruickshank-law.com

Dated: September 30, 2016


## Certificate of Service

     I hereby certify that this document, filed through the ECF system on September 30, 2016, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            /s/ Matthew Shayefar, Esq.