**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re  Lev Goldfarb and Lydmila Rogalin | Related Bankruptcy Case: 16–12339 |
| Debtor | Chapter 13 |
| | Judge Frank J. Bailey |
| Eugene Pelikhov | Adversary Proceeding: 16–01168 |
| Plaintiff | |
| vs. | |
| Lev Goldfarb and Lydmila Rogalin | |
| Defendant | |

**COURT NOTICE REGARDING THE DEBTOR'S REPRESENTATION**
**IN THIS ADVERSARY PROCEEDING**

On **SEPTEMBER 30, 2016,** an Adversary Proceeding was filed and the debtor(s) is named as a Pursuant to MLBR 9010–2 noted below, debtor's counsel has been added as the attorney for the debtor(s) in this Adversary Proceeding.

**Massachusetts Local Bankruptcy Rule 9010–2:**

    1. With respect to Rule 9010–2(a):

Absent an appearance pursuant to Rule 9010–2(b)(2) or withdrawal pursuant to Rule 9010–3, an attorney representing a debtor in a bankruptcy case must represent the debtor in all aspects of the main case, including motions and contested matters, and in any adversary proceeding relating to the debtor's discharge and/or the dischargeability of any debt. The attorney shall also represent the debtor in any other adversary proceeding in which the debtor is a named defendant unless the debtor expressly agrees otherwise in writing at the commencement of the representation and such agreement is noted on the attorney's initial disclosure under Fed.R.Bankr.P. 2016(b). Any Rule 2016(b) disclosure and/or agreement between the attorney and the debtor at variance with this Rule shall be deemed void and of no force and effect.

    2. With respect to Rule 9010–2(b)(2):

An attorney who chooses to file a general appearance for an otherwise pro se debtor, without compensation, shall not thereby be required to represent the debtor in any adversary proceeding other than with respect to discharge or the dischargeability of debt.

Date: 10/3/16

By the Court,

Joan M. Regan
Deputy Clerk
617–748–5342